MICHAEL F. O'CONNOR *vs.* BRIDGET O'CONNOR.

PROVIDENCE—JUNE 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A Court of Probate is not adapted to the investigation and determination of questions of fraud.

Such court on receiving a release and ordering it to be recorded exhausts its jurisdiction thereof, and the proceeding is not an adjudication of the validity of the release. If the court have jurisdiction to make such record, it is merely for the perpetuation of the release as evidence.

BILL IN EQUITY to set aside a release. Heard on demurrer incorporated with the answer.

MATTESON, C. J. The purpose of the bill is to set aside a release alleged to have been obtained from the complainant by fraud on his arriving at full age, and to compel the payment of money claimed to be due him from the respondent, who was his guardian. The respondent has incorporated in her answer a demurrer to the bill, and has assigned as ground of demurrer that the Municipal Court of Providence as a Court of Probate had acquired jurisdiction of the subject matter of this suit before the filing of the bill, and that having so acquired jurisdiction is entitled to adjudicate it exclusively.

No affidavit of the respondent that the demurrer was not interposed for delay accompanies it, as required by equity rule 21, and the demurrer is therefore irregular. But, assuming that it is properly before us, we think it should be overruled. The action of the Municipal Court, disclosed in the bill, was simply the receiving of the release presented to it by respondent, and ordering it to be recorded. Such reception and recording was not an adjudication of the validity of the release; and even if the Probate Court had authority to take the action, it would not conclude the complainant from questioning the validity of the release on the ground of fraud. *McGinity* v. *McGinity*, 19 R. I. 510. A Court of Probate is not adapted to the investigation and determina-

tion of questions of fraud, and its jurisdiction in receiving and recording a release, if it exists, is merely for the perpetuation of the release as evidence, and consequently, when the order of the Municipal Court receiving the lease and ordering it to be recorded had been made, its jurisdiction of the release had ended.

Demurrer overruled.

*James A. Williams and Patrick H. Mulholland*, for complainant.

*Patrick J. McCarthy*, for respondent.